FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 17, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PJ STEWART (PRIESTLEY),<br><br>    Plaintiff,<br><br>    v.<br><br>SOCIAL SECURITY OF, STATE OF WASHINGTON AND FEDERAL SOCIAL SECURITY, PETER GILBERT, JOSIE BABBITT, NANCY BERRYHILL, ELIZABETH BOSIO, MRS. GOSS, et al.,<br><br>    Defendants. | No. 2:19-cv-00043-SAB<br><br>**28 U.S.C. § 1915A REVIEW; DISMISSING COMPLAINT** |

Plaintiff is representing herself in this matter. She filed her Complaint on February 2, 2019, ECF No. 1, and also filed an accompanying Application to Proceed In Forma Pauperis, ECF No. 2. Her application was initially denied, but her renewed application was granted on March 4, 2019. She subsequently filed two Supplements. ECF No. 10, 11.

**28 U.S.C. § 1915 Review**

When an individual seeks to proceed in forma pauperis, the Court is required to review the complaint and dismiss such complaint, or portions of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *Wong v. Bell*, 642 F.2d 359, 361-2 (9th

**28 U.S.C. § 1915A REVIEW; DISMISSING COMPLAINT** ~ 1

Cir. 1981). A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, a court takes the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). On the other hand, mere legal conclusions, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri*, 901 F.2d at 699.

## Pleading Standards

Pursuant to the Federal Rules of Civil Procedure, a pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief. Fed. R. Civ. P. 8(a).

As the U.S. Supreme Court instructs:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads fact that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft*, 556 U.S. at 679 (citations and quotations omitted).

**28 U.S.C. § 1915A REVIEW; DISMISSING COMPLAINT** ~ 2

**Plaintiff's Complaint**

It appears that Plaintiff is challenging the Social Security Administration's (SSA) computation of her disability payments. She also cites to numerous criminal code provisions and attached various notices that she received from the Social Security Administration to the Complaint. Plaintiff's Complaint fails to state a claim and borders on being frivolous.

To the extent Plaintiff is challenging the SSA's decision, for this Court to have subject matter jurisdiction, there must be a final decision by the Secretary. 28 U.S.C. § 405(g). There are no allegations in the Complaint that Plaintiff appealed any of the decision of the SSA, although she attached a request for reconsideration dated in November 2018. This reconsideration process needs to be completed before the Court has subject matter jurisdiction over Plaintiff's Complaint. To the extent Plaintiff is relying on the U.S. Criminal Code to state her claims, such statutes do not provide the basis for a private cause of action. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (noting that unless explicitly provided for by statute, criminal statutes do not provide a basis for private causes of action).

Moreover, Plaintiff has failed to allege sufficient facts regarding the actions of the individually-named Defendants to state a claim upon which relief may be granted.

**Opportunity to Amend**

Unless it is absolutely clear that amendment would be futile, a pro se litigant must be given the opportunity to amend her complaint to correct any deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2002). Therefore, Plaintiff is granted leave to file an Amended Complaint that meets the requirements of Fed. R. Civ. P 8 and contains allegations sufficient to establish federal jurisdiction. Plaintiff is cautioned that if she fails to file an Amended Complaint within 60 days as directed, the Court will dismiss the action and close the file.

**28 U.S.C. § 1915A REVIEW; DISMISSING COMPLAINT** ~ 3

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Complaint, ECF No. 1, is **DISMISSED**, without prejudice.
2. Plaintiff is granted leave to file an Amended Complaint. Plaintiff is directed to file her Amended Complaint within 60 days from the date of this Order. Failure to do so will result in the dismissal of this action.
3. The District Court Executive is directed to set a case management deadline for September 13, 2019.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide a copy to Plaintiff.

**DATED** this 17th day of July 2019.



Stanley A. Bastian
United States District Judge

**28 U.S.C. § 1915A REVIEW; DISMISSING COMPLAINT** ~ 4